# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| DONN EASTMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION V-09-45 |
| RICK THALER,[1] | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Donn Ralph Eastman, Jr. ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the denial of his request for mandatory supervised release.[2] (Dkt. No. 1.) Respondent Rick Thaler ("Respondent"), as Director of the Texas Department of Criminal Justice, Institutional Division, filed a Motion for Summary Judgment asserting that Petitioner's claims are barred as untimely (Dkt. No 22), to which Petitioner responded (Dkt. No. 23). After reviewing the motion, response, record, and applicable law, the Court is of the opinion that Respondent's motion should be **GRANTED** and Petitioner's habeas petition should be **DISMISSED**.

## Procedural History

Petitioner was found guilty of murder following a jury trial, and on March 11, 1988 he was sentenced to life imprisonment. *State v. Eastman*, No. 87CR5053 (186th Dist. Ct. Bexar County, Tex., Mar. 11, 1988). While in prison, Petitioner committed the offense of attempted

---

1. Petitioner originally named former Texas Department of Criminal Justice (TDCJ) Director Nathaniel Quarterman as Respondent in this suit. Thaler has since replaced Quarterman as TDCJ Director.
2. Petitioner also complains that he was denied certain credits, but provides no factual basis supporting this claim.

murder, and on October 18, 1993 he was sentenced to an additional seven years, to be served consecutively to his life sentence. *State v. Eastman*, No. 93CR9160 (12th Dist. Ct. Madison County, Tex., Oct. 18, 1993). On February 2, 2009, Petitioner filed an application for a state writ of habeas corpus under TEX. CODE CRIM. PRO. art. 11.07, asserting various constitutional violations related to his denial of mandatory supervised release. *Ex parte Eastman*, No. WR-72,142-01. The Texas Court of Criminal Appeals denied the application without written order on June 17, 2009. *Id.* at cover.

Petitioner filed the instant federal petition for a writ of habeas corpus on July 10, 2009.[3] Respondent has moved for summary judgment, asserting that Petitioner's claims are barred as untimely, or, in the alternative, that his claims are without merit.

## One-Year Statute of Limitations

Petitioner's federal habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

3. A federal habeas petition is considered filed on the date it is placed in the prison mail system. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applicable to Petitioner's claims regarding mandatory supervised release is Section 2244(d)(1)(D), which provides that the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner argues that his claims are not time barred because he "did not know that he would be denied mandatory supervised release in 1988, nor could [he] reasonably have been expected to predict such a denial . . . until the Respondent actually denied him mandatory supervised release in 2009." (Dkt. No. 23 at 3.)

The Court finds that even if Petitioner could not have predicted the factual predicate for his claims regarding mandatory supervision at the time he was sentenced to life in 1988, he could have discovered these claims in 2001 when the Texas Court of Criminal Appeals issued its opinion in *Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001) ("We hold that a life-sentenced inmate is not eligible for release to mandatory supervision."), or in 2002 when the Fifth Circuit issued its opinion in *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (deferring to *Franks* and finding that Texas inmates sentenced to life imprisonment are ineligible

for mandatory supervised release). Even using the later date, Petitioner's federal habeas petition is barred by several years unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity.

### Statutory Tolling

Under § 2244(d)(2), a properly filed application for state post-conviction or other collateral review will toll the limitations period while the application is pending. Petitioner's application for state writ of habeas corpus was filed after the limitations period expired, however, and does not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### Equitable Tolling

As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling applies where the petitioner is actively misled by the respondent or the court about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted). Ignorance of the law or excusable neglect is not a justification for equitable tolling, *Fierro*, 294 F.3d at 682, and "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Petitioner neither asserts, nor can the Court otherwise identify, anything in his petition that supports extending the applicable limitations period. Because Petitioner does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition is hereby dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" (COA). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address *sua sponte* the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2254 petition before this Court states a valid claim of the denial of a constitutional right, because Petitioner cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the

denial of his § 2254 petition on procedural grounds. Under the plain record of this case, Petitioner's claims are barred by the applicable statute of limitations. Accordingly, Petitioner is not entitled to a COA.

## Conclusion

For the foregoing reasons, Respondent Rick Thaler's Motion for Summary Judgment (Dkt. No. 22) is **GRANTED** and Donn Eastman's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED**. The Court also **DENIES** Petitioner a Certificate of Appealability.

It is so **ORDERED**.

Signed this 3rd day of March, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE